IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JUVENTO BRAVO AVILA, individually and on behalf of similarly situated individuals, Plaintiff, | § § § § § | |
| v. | § § | |
| SILVESTRE CHAVEZ, d/b/a BROTHERS CONSTRUCTION COMPANY, Defendants. | § § § § § § | Cause No. 4:23-cv-4004<br><br>A Jury Is Demanded |

## PLAINTIFF'S ORIGINAL COMPLAINT AND COLLECTIVE ACTION

### Summary of Lawsuit

Silvestre Chavez, d/b/a Brothers Construction Company, operates a business that violates the Fair Labor Standards Act in order to gain an unfair advantage against his competitors. Specifically, Mr. Chavez requires his employees to work more than 40 hours per week but refuses to pay overtime. This illegal pay practice provides Mr. Chavez with the ability to unfairly compete against his competitors who follow the law. This suit is brought by one of these employees subjected to this illegal pay practice individually and on behalf of himself and all other similarly situated employees.

## Facts Supporting Relief

## General Allegations Relating to Plaintiff's Claims

1. Silvestre Chavez runs and owns a business that uses the assumed name Brothers Construction Company. Brothers Construction Company is a construction business operating in the State of Texas and in other states around the country.

2. Mr. Chavez hired Mr. Avila in January of 2020. Mr. Avila has worked at various locations for Chavez including but not limited to military bases in Kansas City, Oklahoma, Waco, and Lubbock. Mr. Chavez terminated Mr. Avila on June 3, 2023.

3. Brothers Construction assigned Mr. Avila various construction duties including but not limited to drywall construction, painting, installation of various doors and other fixtures, and installing wallpaper.

4. Brothers Construction paid Mr. Avila by the hour.

5. Mr. Avila routinely worked more than 40 hours per week. Mr. Chavez was aware that Mr. Avila routinely worked more than 40 hours be week because Mr. Chavez paid Mr. Avila straight time for all the hours that he worked.

6. Mr. Chavez did not, however, pay Mr. Avila one and a half times his hourly wage for hours worked over forty in any given work week, but instead paid him at the same hourly rate for all hours that he worked ("straight time").

7. Mr. Chavez was extremely hands-on and told Mr. Avila the manner and method by which he was to carry out all assigned duties.

8. Mr. Chavez required Mr. Avila to work on Saturdays which put Mr. Avila over 40 hours virtually every week.

9. Mr. Chavez acted intentionally and with reckless disregard of the rights of Mr. Avila.

## Facts Supporting FLSA Coverage

10. During each of the three years prior to this complaint being filed, Silvestre Chavez d/b/a Brothers Construction Company carried out an enterprise engaged in interstate commerce, operating on interstate highways, purchasing materials through commerce, transporting materials through commerce and on the interstate highways. Mr. Chavez conducted transactions and business and provided services through commerce, including but not limited to the use of the Internet, electronic mail, phones, and credit cards.

11. During each of the three years prior to this Complaint being filed, Silvestre Chavez d/b/a Brothers Construction Company regularly owned and operated businesses engaged in commerce or in the production of goods for commerce as defined by §3(f) and 3(s) of the Act, 29 U.S.C. §§203(r) and 203(s).

12. During each of the three years prior to this complaint being filed, Silvestre Chavez d/b/a Brothers Construction Company conducted sufficient business to exceed an annual gross volume of sales of at least $500,000 (exclusive or excise taxes) based upon the volume of the business.

13. During each of the three years prior to this complaint being filed, Silvestre Chavez d/b/a Brothers Construction Company employees used or handled goods, tools, equipment or materials that traveled in interstate commerce, that is, goods, tools, equipment, or materials that were made outside of Texas and moved or used in Texas.

14. For more than the last three years, Silvestre Chavez has used the assumed name of Brothers Construction Company and has exercised specific duties such as hiring and firing employees, supervising, controlling work schedules, dictating conditions of employment, setting the hourly rates, authorizing any payments, and instituting the illegal pay practices

which are the subject of this lawsuit. Mr. Chavez was the Plaintiff's "employer" as that term is defined under the FLSA and is thus subject to individual liability pursuant to the FLSA.

15. Mr. Chavez owns and operates Brothers Construction Company and is an individual that is covered by and subject to the overtime requirements of the FLSA.

## Collective Action Allegations

16. Plaintiff and similarly situated individuals consist of current and former construction workers, or similar positions, who were compensated on an hourly basis. Through the relevant period, Mr. Chavez maintained a policy and practice of failing to compensate his construction workers for overtime.

17. Mr. Chavez had actual and constructive knowledge that his employees were working more than 40 hours per week and were not being paid overtime.

18. Mr. Chavez's practice of not paying overtime for hours worked over forty violated the rights of the construction workers under the FLSA.

19. Plaintiff brings this action for violation of the FLSA as a collective action, pursuant to Section 216(b) of the FLSA and asserts that the Court should authorize notice to be sent to:

> *All current and former construction workers who worked for Mr. Chavez at any time during the past three years.*

20. Mr. Chavez is liable for his failure to pay his construction workers for all overtime hours performed.

21. Construction workers who elect to participate in the FLSA collective action seek compensation for all overtime hours not paid, an equal amount for liquidated damages, prejudgment interest, and attorney's fees and costs.

## Causes of Action

## Violation of the FLSA – Failure to Pay Overtime Premium

22. Mr. Chavez violated the FLSA by failing to pay Mr. Avila and other similarly situated construction workers overtime pay for hours worked over 40 per workweek.

23. Mr. Avila and other similarly situated construction workers have suffered damages as a direct result of Mr. Chavez's illegal actions.

24. Mr. Chavez is liable to Mr. Avila and other similarly situated construction workers for unpaid overtime compensation, liquidated

damages, attorney's fees and costs of Court under the FLSA, for the three-year period preceding the filing of this lawsuit.

## Defendant, Jurisdiction, and Venue

25. This Court has subject-matter jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 because Plaintiff's claims raise a federal question under 29 U.S.C. § 201, *et seq.*

26. Additionally, this Court has jurisdiction over Plaintiff's collective action FLSA claim pursuant to 29 U.S.C. § 216(b), which provides that suit under the FLSA "may be maintained against any employer . . . in any Federal or State court of competent jurisdiction."

27. Mr. Chavez's annual sales exceed $500,000 and he has more than two employees, so the FLSA applies in this case on an enterprise basis. Mr. Chavez's construction workers are engaged in interstate commerce and therefore they are also covered by the FLSA on an individual basis.

28. This Court has specific personal jurisdiction over Plaintiff and Defendant because they are both domiciled in Texas.

29. Venue is proper in this district and division pursuant to 28 U.S.C. § 1391(b) and (c) because Defendant conducts business in this District and a

substantial portion of the events that give rise to the Plaintiff's claims occurred in this District.

30. All of the alleged causes of action can be determined in this judicial proceeding and will provide judicial economy, fairness, and convenience for the parties.

## PARTIES

31. Plaintiff, Juvento Bravo Avila, is a resident of the State of Texas, Montgomery County, Texas and has filed a consent to proceed.

32. Silvestre Chavez is an individual resident of the State of Texas and the principal owner of Brothers Construction Company. Mr. Chavez may be served with citation and service of process at 305 Stimpson, Baytown, Texas 77520, or where ever he may be found.

## Demand for Jury

33. Plaintiff demands a trial by jury.

## RELIEF REQUESTED

WHEREFORE, Mr. Avila and all employees similarly situated who join in this action demand:
1. Issuance of notice as soon as possible to all persons working for Defendant as construction workers who worked for Defendant during the three-year period prior to the filing of this Complaint. Generally, this notice should inform them that this action has been filed, describe the nature of the action, and explain their right to opt into this lawsuit if they were not paid

correctly for work performed or hours worked during any portion of the statutory period;

2. Judgment against Defendant for an amount equal to Plaintiff's and the Similarly Situated Workers' unpaid overtime wages at the applicable rate;

3. An equal amount to the overtime wage damages as liquidated damages;

4. Judgment against Defendant that its violations of the FLSA were willful;

5. To the extent that liquidated damages are not awarded, an award of prejudgment interest;

6. All costs and attorney's fees incurred prosecuting these claims;

7. Leave to add additional Plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court; and

8. For such further relief as the Court deems just and equitable.

> Respectfully Submitted,
> THE BUENKER LAW FIRM
> */s/ Thomas H. Padgett, Jr.*
> Thomas H. Padgett, Jr.
> TBA No. 15405420
> Josef F. Buenker
> TBA No. 03316860
> jbuenker@buenkerlaw.com
> P.O. Box 10099
> Houston, Texas 77206
> 713-868-3388 Telephone
> 713-683-9940 Facsimile
> ATTORNEY FOR PLAINTIFF